

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE COLLAZO, JONNA DUKES, ) <br> DANNY PARKER, and ) <br> LORRAINE STEWART, on behalf of ) <br> all similarly situated current and former ) <br> employees, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FOREFRONT EDUCATION, INC.; ) <br> ILLINOIS SCHOOL OF HEALTH ) <br> CAREERS, INC.; and ) <br> WILLIAM A. KLETTKE, ) <br> ) <br> Defendants. ) | Case No. 08-cv-5987 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Jorge Collazo, Jonna Dukes, Danny Parker and Lorraine Stewart ("Plaintiffs"), on behalf of themselves and all other plaintiffs similarly situated known and unknown, filed a complaint against Defendants, Forefront Education, Inc. ("Forefront"); Illinois School of Health Careers, Inc. ("ISHC"); and William A. Klettke (collectively, "Defendants"). Since the filing of this lawsuit – but after Defendants filed their opposition brief challenging each of Plaintiffs' named class representatives – Plaintiffs filed additional consent forms purportedly authorized by Cesar Jimenez and Earlene Wells-Crosby. Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by not paying overtime wages.

Before the Court is Plaintiffs' Motion to Conditionally Certify a Class pursuant to 29 U.S.C. § 216(b). For the following reasons, Plaintiffs' motion is granted as to a class relating to Defendants' Illinois locations but denied as to a class involving Defendants' Florida locations.

## BACKGROUND

Forefront owns or owned for-profit educational institutions in Illinois and Florida, including three Chicago-area campuses of ISHC, and several Florida campuses of Florida Technical College. William A. Klettke is Forefront's president. Defendants' schools provide degrees and professional training for various careers. Plaintiffs were all employed by Defendants as admissions representatives. In their capacity as admissions representatives, Plaintiffs were responsible for marketing Defendants' schools and enrolling prospective students.

Plaintiffs allege they routinely worked in excess of forty hours per week, often starting early and working late into the evening, and were forced to work certain Saturdays. Plaintiffs brought this action, alleging they never received overtime pay as required by the FLSA and asking the Court to certify the following class:

> ALL CURRENT AND FORMER EMPLOYEES OF FOREFRONT EDUCATION, INC., INCLUDING CURRENT AND FORMER EMPLOYEES OF FLORIDA TECHNICAL COLLEGE, THE ILLINOIS SCHOOL OF HEALTH CAREERS AND WILLIAM KLETTKE, WHO WERE/ARE EMPLOYED AS ADMISSIONS REPRESENTATIVES AND WORKED AS ADMISSIONS REPRESENTATIVES ANYTIME BETWEEN OCTOBER 20, 2005 AND THE PRESENT AND WHO DID NOT RECEIVE OVERTIME COMPENSATION FOR AT LEAST ONE PAY PERIOD WITHIN THAT TIME FRAME.

In the alternative, if the Court will not extend the proposed class to include employees of the Florida schools, Plaintiffs seek to certify a class comprised only of admissions representatives at ISHC.

## LEGAL STANDARD

The FLSA entitles nonexempt employees to receive one-and-a-half times their regular rate of pay for each hour worked above forty hours per week. *See* 29 U.S.C. § 207. A plaintiff may bring a collective action on behalf of "other employees similarly situated" in an action to recover unpaid overtime wages. 29 U.S.C. § 216(b). Unlike class actions under Federal Rule of Civil Procedure 23, members of a § 216(b) collective action are not bound by the court's decision unless they "opt-in." *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982); *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008) (*Jirak*).

Because the FLSA does not specify details governing how collective actions are to proceed, the management of these actions has been left to the discretion of the district courts. *See Jirak*, 566 F. Supp. 2d at 847 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989)). Collective actions under the FLSA generally proceed under a two-step process. *See Russell v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (*Russell*). First, the plaintiff must show there are similarly situated employees who are potential claimants. *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). To meet this burden, the plaintiff must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289

3

F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) (citation omitted). This initial certification is conditional, and courts use a "lenient interpretation" of the term "similarly situated." *Russell*, 575 F. Supp. 2d at 933. If a plaintiff meets this burden, conditional certification should be granted, and notice may then be sent to potential class members, allowing them an opportunity to opt in. *See Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007) (*Heckler*).

The second step of the collective-action process only begins after the opt-in process is completed and discovery is underway. During the second stage, the defendant may ask the court to "reevaluate the conditional certification 'to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.'" *Jirak*, 566 F. Supp. 2d at 847, 848 (quoting *Heckler*, 502 F. Supp. 2d at 779). If the court determines that such similarities do not exist, it can revoke the conditional certification. *Russell*, 575 F. Supp. 2d at 933.

## ANALYSIS

Plaintiffs request conditional certification of a class that would include admissions representatives in both Florida and Illinois. Defendants argue that no class should be certified for the following reasons: (1) Plaintiffs have provided no basis for sending notice to Florida admissions representatives; (2) Plaintiffs have failed to show that notice is warranted even as to an Illinois class; (3) Plaintiffs have not identified an adequate class representative; and (4) the language in Plaintiff's proposed class notices is deficient.

4

*Defendants' Florida Locations*

Although Plaintiffs need only make "a modest factual showing" demonstrating that they and potential plaintiffs at the Florida locations were similarly situated, *Flores*, 289 F. Supp. 2d at 1045, Plaintiffs have not done so.

None of the five proposed class representatives worked at Defendants' Florida locations.[1] In fact, Plaintiffs have not provided any affiant with personal knowledge of the workplace environments in Florida. Instead, Plaintiffs have merely produced copies of electronic web pages apparently posted by one of Defendants' Florida locations, Florida Technical College. As Plaintiffs point out, the web pages include a job description of the Florida-based admissions representative that appears to be similar to the Illinois positions. The document states that functions of the Florida position include interviewing prospective students, placing phone calls to prospects, and transitioning prospects into classes at the school. What these documents fail to show, however, is that persons eventually hired as admissions representatives in Florida were required to or did, in fact, work more than forty hours per week. The documents also fail to show – or even reasonably imply – that Florida-based employees were denied overtime wages in violation of the FLSA. It would be improper for this Court to speculate that Defendants violated the FLSA as to Florida-based employees simply because Plaintiffs allege that Illinois admissions representatives were not paid overtime and that Defendants were also seeking to hire admissions representatives in Florida.

---

[1] Named Plaintiff, Jorge Collazo, is represented by individual counsel. He did not join in the instant Motion.

Thus, there exists no modest factual showing that Plaintiffs, who all worked in Illinois, and potential plaintiffs in Florida were together victims of a common policy or plan that violated the law. While the "modest factual showing" standard is not the highest burden, it also is "not a mere formality" either. See *Adair v. Wis. Bell, Inc.*, No. 08-C-280, 2008 WL 4224360, at *3 (E.D. Wis. Sept. 11, 2008) (citation omitted). Without *any* evidence of similarly situated employees in Florida, Plaintiffs' Motion to gain conditional class certification as to potential plaintiffs at any of Defendants' Florida locations appears to be little more than a speculative fishing expedition. Accordingly, the Motion is denied insofar as it pertains to putative class members employed in Florida.

*Defendants' Illinois Locations*

As stated above, Plaintiffs must demonstrate that the persons to whom Plaintiffs seek to provide notice are "similarly situated." As to the admissions representatives employed at ISHC, Plaintiffs have made the necessary "modest factual showing" of a common policy or plan allegedly violating the FLSA's overtime provisions.

The Complaint alleges that four Plaintiffs, working as ISHC admissions representatives, routinely worked more than forty hours per week without being paid any overtime wages. Additionally, in support of their Motion, Plaintiffs Dukes, Stewart and Parker have submitted sworn declarations in which they aver that, as admissions representatives, they worked in a high-pressure sales environment with sales quotas and goals, were routinely forced to work in excess of forty hours per week, and were never paid overtime wages. The Plaintiffs all allege they showed up early in the morning, stayed late many evenings, and worked many Saturdays to provide campus tours and host

orientations. They also allege they had personal knowledge of numerous other admissions representatives' working overtime on similar tasks. Plaintiffs' declarations are supported by attached documents consisting of online advertising materials in which Defendants seek admissions representatives with sales experience. These materials notify applicants that working occasional Saturdays is required.[2]

Plaintiffs' allegations as to Defendants' Illinois facilities meet the minimal requirements of § 216(b) because Plaintiffs have shown they are similarly situated to potential class members who served as admissions representatives at Defendants' three Illinois-based facilities. The "similarly situated" standard under § 216(b) is less stringent than Federal Rule 23's standard. *Bontempo v. Metro Networks*, No. 01 C 8969, 2002 WL 1925911, at *1 (N.D. Ill. May 3, 2002). Courts use a "lenient interpretation" at this stage. *Russell*, 575 F. Supp. 2d at 933. Plaintiffs have satisfied the "modest factual showing" necessary to proceed with opt-in notice to potential class members. *Id.*

### *Adequate Class Representatives*

Defendants also contend that none of the Plaintiffs seeking class certification can adequately represent the class, contending (1) that Parker and Dukes did not work at

---

[2] After Defendants filed their opposition to Plaintiffs' Motion, Plaintiffs also submitted declarations of Cesar Jimenez and Earlene Wells-Crosby stating that both employees had been expected to meet sales quotas and goals and often worked forty-plus-hour workweeks without being paid overtime wages. But those declarations do not appear to have been signed by Jimenez and Wells-Crosby. Both signatures have "POA" written after them. Presumably, this means "Power of Attorney." Declarations must be based on "personal knowledge" and must be "subscribed by" the declarant under penalty of perjury. 28 U.S.C. § 1746. "A declaration signed by someone else for the declarant does not comply." *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). Accordingly, the Court does not consider the substance of these late-filed declarations in ruling on Plaintiffs' Motion.

ISHC during the relevant time period, (2) that Jimenez and Wells-Crosby were not properly joined in the action, and (3) that Stewart waived her right to be a class representative. Although Plaintiffs are not seeking to certify a class action under Federal Rule of Civil Procedure 23, some courts have held that "inadequacy of representation is nevertheless an equitable consideration at issue in determining whether to certify a putative [FLSA] class." *See, e.g., In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, No. 3:05-MD-527 RM (MDL-1700), 2009 WL 2242231, at *6 (N.D. Ind. July 27, 2009).

First, Defendants claim that Parker and Dukes cannot adequately represent other plaintiffs because they did not work at ISHC during the class period. Actions for unpaid wages under the FLSA must be brought within two years (three years if the conduct was willful). 29 U.S.C. § 255(a). For purposes of collective actions, an action is considered to have commenced as to a particular individual on the date that individual files a notice of consent. 29 U.S.C. § 256. In this case, Dukes and Parker apparently ended their employment at ISHC on October 19, 2005. Parker filed his notice of consent on October 20, 2008; and Dukes filed hers on October 27, 2008. Thus, even if the conduct at issue was willful and occurred on the very last day of Dukes' and Parker's employment, those actions appear to be barred by the statute of limitations. Plaintiffs do not refute this argument in their reply brief. If Defendants' factual assertions are correct, neither Dukes nor Parker can adequately represent the class.

Nor can Jimenez or Wells-Crosby adequately represent the class at this point. As discussed above, Jimenez and Wells-Crosby did not file proper declarations. Their

notices of consent appear to be similarly improper, as neither appears to be signed by the putative class members themselves. *See Kulik v. Superior Pipe Specialties Co.*, 203 F. Supp. 938, 941 (N.D. Ill. 1962) (stating that a consent under § 216(b) must be "signed by the person whose consent it purports to be" and holding that an unsigned, typewritten document was insufficient).

But Defendants have not demonstrated that Stewart is unable to serve adequately as a class representative. Defendants argue that Stewart waived this right by signing a post-employment release. This argument must fail. It is well settled that rights under the FLSA "cannot be abridged by contract or otherwise waived." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *see also Brown v. Sears Holdings Mgmt., Corp.*, No. 09 C 2203, 2009 WL 2514173, at *3 (N.D. Ill. Aug. 17, 2009) (*Brown*).

Defendants assert that *Brown* compels a different result. But that case involved a waiver provision that is quite different from the one at hand. Like Stewart, the plaintiff in *Brown* had signed a release in return for a severance. 2009 WL 2514173, at *1. She released the defendant from "any and all claims" arising out of her employment and specifically waived and gave up any right "to become . . . a member of any class in a case in which claims are asserted against" defendant. *Id.* But the waiver specifically excluded plaintiff's "claims which cannot be waived by law." *Id.* The district court acknowledged that private rights of action under the FLSA cannot be waived but rejected the plaintiff's argument that the FLSA prohibited waiving the right to participate in a collective action. *Id.* at *3-4.

9

Stewart's release purports to be a blanket release and makes no specific reference to collective actions or FLSA claims:

> 1.1. <u>Covenant Not to Sue.</u> Lorraine Stewart shall neither assist, participate or be represented nor institute, submit or file, or permit to be instituted, submitted or filed on his/her behalf or for any past or present employee or student, any lawsuit, complaint, or other proceeding, under any federal, state or local law or regulation including, but not limited to, (a) the Fair Labor Standards Act . . . .

(*See* Opp'n Br. at 13.) This release is impermissibly broad in that it purports to bar individual FLSA claims, which, by law, cannot be waived. And Defendants now propose an interpretation that carves out only the claims that cannot be waived and leaves the right to participate in collective actions under the FLSA. It is not reasonable to infer "an intentional relinquishment of a known right," which is necessary for finding that a claim was waived, from Stewart's blanket release. *See Gallagher v. Lenart*, 874 N.E.2d 43, 56 (Ill. 2007) (citations omitted). Accordingly, Defendants have not demonstrated Stewart to be incapable of representing Plaintiffs' purported class.

### *The Notice*

Finally, Defendants argue that Plaintiffs' proposed classes are impermissibly broad because the definitions do not contain any requirement that the proposed class members actually worked any overtime. Because Plaintiffs' purported cause of action does require any putative class member to have actually worked more than forty hours in a week without overtime compensation, *see* 29 U.S.C. § 207(a)(1), the class definition must be redefined to include only those admissions representatives who actually *worked* forty-plus-hour workweeks without any overtime compensation.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Conditionally Certify a Class pursuant to 29 U.S.C. § 216(b) is granted as to all current and former employees of Defendants who were employed at any of the three Illinois-based ISHC locations but denied as to potential plaintiffs who may have worked at any of Defendants' Florida locations. The Court certifies the following class of similarly situated employees:

> All current and former employees of the Illinois School of Health Careers who were/are employed as Admissions Representatives and worked as an Admissions Representative anytime between October 20, 2005, and the present and who did not receive overtime compensation for at least one pay period within that timeframe during which period the employee worked at least one workweek of more than forty hours.

Defendants are ordered to produce the names, last-known addresses, and phone numbers of all employees within the certified class within 28 days from the entry of this Order. Plaintiffs shall meet and confer with counsel for Defendants and submit to the Court a proposed notice to putative class members that complies with this Order.

Date: 1-28-10

JOHN W. DARRAH
United States District Court Judge