IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE COLLAZO, JONNA DUKES, DANNY PARKER and LORRAINE STEWART, on behalf of all similarly situated current and former employees, | )<br>)<br>)<br>) Case No. 08 CV 5987<br>) |
| Plaintiffs, | ) Judge John W. Darrah |
| v. | )<br>) Magistrate Judge Susan E. Cox |
| FOREFRONT EDUCATION, INC., ILLINOIS SCHOOL OF HEALTH CAREERS, INC. and WILLIAM A. KLETTKE, | )<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 37**

Defendants, by their attorneys, move pursuant to Fed. R. Civ. P. 37(d) that plaintiffs be prohibited from presenting evidence at trial of matters as to which they failed to provide discovery, as a sanction for that failure, and in support state as follows:

1. On November 2, 2010, Defendants served their First Interrogatories on plaintiffs and opt-in plaintiffs. (*See* email attached as Exhibit 1 and interrogatories attached as group Exhibits 2 and 3.) At the same time, Defendants served their First Request for Production of Documents. (*See* Exh. 1 and Request for Production attached as Exhibit 4.) Pursuant to this Court's September 2, 2010 order, discovery closed on December 11, 2010.

2. The plaintiffs in this FLSA case worked as Admissions Representatives at the Illinois School of Health Careers ("ISHC") and were paid twice monthly on an annual salary

basis. Plaintiffs allege that they worked more than 40 hours per week but were not compensated for their overtime work. Defendants deny that plaintiffs worked more than 40 hours per week.

3. Defendants' interrogatories asked plaintiffs to identify the dates on which they claimed they had worked more than 8 hours, how many weeks they claimed they had worked over 40 hours, and how many hours over 40 they claimed they had worked in those weeks, inter alia. (*See* Exhs. 2 and 3, interrogatories 5, 14, 15.) The Request for Production asked for any documents plaintiffs had supporting their claims, including any documents "which reflect, indicate or show that you worked more than 40 hours during any particular week." (*See* Exh. 4, request 13.)

4. Plaintiffs never responded to the interrogatories or request for production. Plaintiffs also never provided any Rule 26(a) disclosures. In short, plaintiffs never provided any discovery as to their claims. This also makes it impossible to calculate damages for this case.

5. The only time plaintiffs *ever* offered what they asserted was "evidence" of more than 40 hours per week of work by any plaintiff, in connection with plaintiffs' motion for conditional certification, it turned out that the documents showed nothing but 40-hour workweeks and plaintiffs had misread them. (This was the purported Declaration of Cesar Jimenez − signed by someone who was *not* Mr. Jimenez − attaching documents that reflected 88 hours for two workweeks plus one day, therefore two weeks of 40 hours and one 8-hour day.) *See* Docket 62-2 [Defendants' Surreply in Opposition to Plaintiffs' Motion to Conditionally Certify Class], pp. 6-8; *see also* Docket 69 [Memorandum Opinion and Order], p. 7 n 2., p. 8 (Jimenez declaration not signed by Jimenez and therefore improper).

6. Within the past month, defendants' counsel Richard Marcus asked plaintiffs' counsel R. J. Blue when plaintiffs would respond to defendants' discovery. Mr. Blue simply responded that defendants would have to file a motion to compel. In plaintiffs' recent response to defendants' Renewed Motion for Dismissal for Want of Prosecution, however, Mr. Blue attempted to provide a justification, stating that plaintiffs had not consented to service by email and therefore were not obliged to respond to the interrogatories and document requests. (Docket 103, pp. 3-4.)

7. Mr. Blue's position is without merit. Defendants' Interrogatories and Request for Production were served on Mr. Blue (and his local counsel, Hubert Thompson and Ronald Austin) at the email addresses under which they are ECF filers registered in this district. (*See* Exh. 1.) Registration as an ECF filer in this district constitutes **consent** to electronic service. *See* N.D. Ill. General Order 09-014/General Order on Electronic Case Filing, IV(C).

8. As to US mail, which Mr. Blue apparently contends is the only proper means of service, in the past, attempts to transmit documents to Mr. Blue by mail have not been successful. In February 2009, at the court's instruction, defendants mailed the list of potential opt-in plaintiffs to Mr. Blue at his mailing address of record listed in the docket for this matter. This mailing was returned as "undeliverable." Mr. Blue had changed his address but not notified the court. (*See* Docket 73, ¶¶ 13-14; Docket 75, p. 2.)

9. Mr. Blue does not contend that he did not receive defendants' discovery requests (in fact, he admits he did, *see* Docket 103, p. 2 n.1). His local counsel Mr. Thompson confirmed receipt of them as well. (*See* email dated Nov. 2, 2010, attached as Exhibit 5.)

10. Plaintiffs' failure to respond to the discovery is unexplained and unexplainable. Mr. Blue's view seems to be that, in order to obtain discovery, defendants must file a motion to compel and get a court order. This is not the way the federal rules work. *See Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("Additionally, Boyd complains that the City never filed motions to compel discovery and implies that this fact should excuse his repeated lapses during discovery. He is thus suggesting that he could ignore discovery proceedings and avoid dismissal so long as opposing counsel had not filed a motion to compel. Boyd cites no authority for this notion. This is not surprising, since long-standing precedent holds that district courts have the inherent power to remedy dilatory conduct . . . without a motion from the opposing party.")

11. By contrast to plaintiffs' failure to provide any discovery, defendants have provided discovery and information throughout this case, as follows:

> (i) On January 21, 2009, immediately after the first status conference in this matter, defendant's counsel provided plaintiffs with a spreadsheet of ISHC admissions representatives' pay;
>
> (ii) On April 16, 2009, defendants produced documents in response to plaintiffs' first request for production of documents;
>
> (iii) Also on April 16, 2009, defendants responded to plaintiffs' interrogatories propounded on behalf of original plaintiffs Jonna Dukes, Danny Parker, and Lorraine Stewart;[1]
>
> (iv) On April 28, 2009, defendants made their initial Rule 26(a) disclosures to plaintiffs, and produced additional documents;
>
> (v) On October 29, 2010, defendants produced documents in response to opt-in plaintiffs' first request for production of documents; and

---

[1] Also plaintiff Jorge Collazo, but Mr. Collazo was represented by different counsel in this case.

- 4 -

      (vi) On November 8, 2010, defendants responded to plaintiffs' interrogatories propounded on behalf of opt-in plaintiffs Wentreal Holland, Olethia Williams, Fatimah Lusk, Adilah Younkins, Maria Pina, Jennifer Stevens, and Carl Campbell.

12.     During the hearing on April 27, 2011 in this matter, the Court suggested to defendants that a motion for relief based on failure to respond to discovery should be made under Rule 37. Rule 37 provides that "The court where the action is pending may, on motion, order sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). It is not disputed that plaintiffs here failed to do *any* of these things in response to defendants' interrogatories and document requests.

13.     The rule further provides that the sanctions may include that "designated facts be taken as established for purposes of the action," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii), (d)(3). The rule also provides for the court to order payment by "the party failing to act [or] the attorney advising that party" of the reasonable expenses, including attorneys' fees, caused by the discovery failure. Fed. R. Civ. P. 37(d)(3).

14.     Plaintiffs' failure to respond to discovery was total and deliberate. Further, the belated purported excuse for the failure showed complete ignorance of − or indifference to − the rules and procedures of this court. The Seventh Circuit has held that cases have been properly *dismissed* under Rule 37 for failures less complete and egregious than those here. *See Collins v. State of Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (dismissal reasonable when plaintiff walked out of deposition and gave "no legitimate reason" for it, and otherwise showed "disregard for discovery rules").

15. Pursuant to Rule 37(d)(1)(B), the undersigned attorney certifies that he had the conversation with plaintiffs' counsel described in paragraph 6 above.

For these reasons, defendants respectfully request that the Court (1) prohibit plaintiffs from introducing any evidence at trial that they worked more than 40 hours per workweek at any time during their employment with the Illinois School of Health Careers; (2) grant defendants the fees and costs of having to bring this motion; and (3) grant any such further relief as the Court deems proper.

Respectfully submitted,

/s/   Richard L. Marcus
One of the attorneys for defendants Forefront Education, Inc., Illinois School of Health Careers and William A. Klettke

Dated:  April 29, 2011

Richard L. Marcus (No. 1761676)
Camille E. Bennett (No. 6224457)
**SNR DENTON US LLP**
233 South Wacker Dr.
Suite 7800
Chicago, Illinois  60606
(312) 876-8000

## **CERTIFICATE OF SERVICE**

      I, Richard L. Marcus an attorney, hereby certify that on April 29, 2011, I electronically filed the foregoing **Defendants' Motion for Sanctions Pursuant to Rule 37** using the CM/ECF system which will automatically send notification of such filing(s) to the following persons:

Denise M. Kelleher
Robin B. Potter
Robin Potter & Associates, P.C.
111 E. Wacker Dr., Ste. 2600
Chicago, IL  60601
(312) 861-1800
Fax:  (312) 861-3009
Email:  dkelleher@robinpotter.org
Email:  robinpotter@igc.org

Hubert O. Thompson
Ronald Austin, Jr.
Brothers & Thompson, P.C.
100 W. Monroe St., Ste. 1700
Chicago, IL  60603
(312) 372-2909
Email:  hthompson@brothersthompson.com
Email:  raustin@brothersthompson.com

Ramel Jacoy Blue
The Blue Law Firm, PLLC
2401 Fountain View, Ste. 322
Houston , TX  77057
(713) 349-9299
Email:  rjblue@bluelawfirm.com

Benjamin Ghess
Earl L. Neal & Associates
203 N. LaSalle St., Ste. 2300
Chicago, IL  60601
(312) 641-7144
Email:  guessghesswho@aol.com

      /s/ Richard L. Marcus