UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE COLLAZO, JONNA DUKES, DANNY PARKER, and LORRAINE STEWART, on behalf of all similarly situated current and former employees, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 08-cv-5987 ) ) Judge John W. Darrah |
| FOREFRONT EDUCATION, INC.; ILLINOIS SCHOOL OF HEALTH CAREERS, INC.; and WILLIAM A. KLETTKE, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lorraine Stewart[1] filed a Motion to Quash Attorney Robin Potter's Attorney's Lien. For the reasons provided below, Plaintiff's Motion to Quash Potter's Lien is granted, and Potter's lien is deemed invalid.

### BACKGROUND

Plaintiff Lorraine Stewart hired Attorney Ramel Blue of Houston, Texas, to represent her in a dispute over unpaid wages against Forefront Education, Inc., et al. She agreed, in writing, to permit R. J. Blue represent her in this dispute. Blue, appearing *pro*

---

[1] Plaintiff Stewart purports to bring this action also on behalf of similarly-situated plaintiffs, but this appears to be a moot issue. Moreover, no class of Plaintiffs has been certified for Plaintiff Stewart to represent regarding the quashing of the attorney lien. Also, Plaintiff Stewart's affidavit in support of her motion contains averments only as to Plaintiff Stewart and no other Plaintiffs.

*hac vice*, filed a suit on behalf of Plaintiff Stewart and others on October 19, 2008. Blue contacted Attorney Robin Potter, of Robin Potter & Associates, P.C., on December 1, 2008, seeking her services as local counsel in the Northern District of Illinois. Potter first appeared on behalf of the Plaintiffs on December 10, 2008, acting as local, rather than lead, counsel. According to Plaintiff Stewart, she never spoke directly to Potter, nor did she execute any agreements permitting Potter or Potter's firm to represent her directly. Motion at 3. Despite this, Robin Potter filed an Attorney's Lien some time in March 2009, and noticed Defendants' counsel of the lien on March 11, 2009.

It appears Blue and Potter communicated regularly about the case and about the cost of Potter's work as local counsel. Blue and Potter attempted to come to terms on a Co-Counsel Agreement, the last version of which was sent from Potter to Blue on April 6, 2009. *See* Motion, Exhibit A: Co-Counsel Agreement. In this agreement,

> Texas Counsel [R. J. Blue] agrees to pay Local Counsel [Potter] the following amounts on the 'net' attorney fee generated from the proceeds of any settlements, monies, judgments, or other consideration which have or may be paid on this legal matter. The lesser of: 28% of the 'net' attorneys' fees, or Local Counsel's reasonable and necessary lodestar attorneys' fees.

*Id.*

During the course of these negotiations, the professional relationship between Blue and Potter soured. On April 7, 2009, the day after Potter sent Blue an updated version of the Co-Counsel Agreement, Blue rejected Potter's revisions to the Co-Counsel Agreement and suggested additional changes in terms to the Agreement. On April 8, 2009, Potter notified Blue she would be withdrawing as local counsel; her

representation was formally withdrawn on May 8, 2009. Thereafter, Potter represented Plaintiff Jorge Collazo solely in his individual capacity. Over two years after Potter's withdrawal from the case, a settlement was reached between the remaining named Plaintiff (Lorraine Stewart), other unnamed, opt-in Plaintiffs and the remaining Defendants. After learning of the settlement, Potter contacted Blue to remind Blue of the attorney's lien she filed against the Plaintiffs in 2009, prior to her withdrawal from the case. Plaintiff Stewart filed the Motion to Quash the Attorney's Lien, claiming it is invalid as Plaintiff Stewart never placed the case in Potter's hands.

## LEGAL STANDARD

This Court asserts jurisdiction over the matter of this lien because "it has jurisdiction over the subject matter of the action giving rise to the recovery against which [the] lien has been asserted." *Beesen-Dwars v. Duane Morris, LLP, et al.*, No. 06 C 5593, 2010 WL 551461 (N.D. Ill. Feb. 12, 2010) (citing *Clarion Corp. v. Am. Home Prods. Corp.*, 464 F.2d. 444, 445 (7th Cir. 1972)) (*Duane Morris*).

In order to grant Plaintiff's Motion to Quash, the lien must be found invalid. The Illinois Attorney's Lien Act governs this dispute. 770 Ill. Comp. Stat. § 5/1. The Act provides:

> Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses.

3

770 Ill. Comp. Stat. § 5/1 (the Lien Act). In order to enforce a lien under this law, the attorneys must serve notice in writing on the party their clients have a suit against. *Id.* Essentially, for a lien to take effect, two requirements must be met: (1) "[t]he attorney must have been hired by a client to assert a claim. (2) The attorney must then perfect the lien by serving notice, in writing, upon the party against whom the client has the claim." *Duane Morris* at *1 quoting *People v. Philip Morris, Inc.*, 759 N.E. 2d 906, 911, 198 Ill.2d 87, 259 Ill.Dec. 845 (2001) (citing *Rhodes v. Norfolk & Western Ry. Co.*, 399 N.E.2d 969, 973, 78 Ill.2d 217, 227, 35 Ill.Dec. 680 (1979)). The Lien Act is to be strictly construed, so an attorney asserting a lien under this act must be in strict compliance with its requirements. *Duane Morris* at *1.

## ANALYSIS

Plaintiff Stewart claims the lien is invalid because Potter failed to meet the first requirement under the Lien Act: Plaintiff Stewart argues Potter was never hired to represent her. Plaintiff Stewart does not allege Potter failed to meet the notice requirement under the Lien Act, so this requirement is not in dispute. The only issue to resolve is whether or not Plaintiff Stewart placed "their claims in [Potter's] hands" under the Lien Act.

Plaintiff Stewart argues Potter's compensation agreement was with Blue, not directly with her, and that Potter had little to no interaction with Plaintiff Stewart. Potter, though, argues Plaintiff Stewart *did* place the case in her hands, through the actions of Blue, the Plaintiffs' lead attorney. However, for the lien to be valid, there must be an attorney-client relationship between Plaintiff Stewart and Potter. *See In re Chicago*

4

*Flood Litigation*, 289 Ill. App. 3d 937, 943, 682 N.E.2d 421, 224 Ill. Dec. 860 (1997). "The attorney-client relationship is a voluntary, contractual relationship that requires the consent of both the attorney and client." *Id* at 941. Furthermore, a potential client typically initiates contact with the attorney; "[t]he relationship cannot be created by an attorney alone." *Id*.

In the instant case, Potter was brought on to the Plaintiffs' case by an arrangement created by Blue. Blue initially contacted Potter to serve as local counsel, and the ensuing communications presented appear to have been almost completely between Blue and Potter. The only remaining named Plaintiff, Lorraine Stewart,[2] declared under penalty of perjury she never hired or otherwise sought the services or representation of Potter and never placed her legal dispute in the hands of Potter or the Potter firm. (Motion to Quash, Exhibit E.) The class of Plaintiffs that Plaintiff Stewart opted into was not certified until January 28, 2010, nine months after Potter withdrew as local counsel. No evidence has been presented that Plaintiff Stewart voluntarily established an attorney-client relationship with Potter or Potter's firm. The only relationship that has been clearly established is that of Potter and Blue.

Without a voluntary attorney-client relationship established between Plaintiff Stewart and Potter, Potter cannot show that Plaintiff Stewart placed her claims in Potter's hands, as required under the Illinois Attorney Lien Act. The Lien Act must be strictly

---

[2] Named Plaintiffs Jonna Dukes and Danny Parker had claims outside the statute of limitations. Named Plaintiff Jorge Collazo hired Potter individually, and to represent him in a retaliation suit, and has already settled his claims against Defendants.

construed. *Duane Morris* at 1. As the dispute was not placed in Potter's hands by the Plaintiffs, the lien is deemed invalid.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Quash Robin Potter's Attorney's Lien is granted. Potter's attorney's lien is deemed invalid.

Date: 10-27-11

JOHN W. DARRAH
United States District Court Judge